IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT BRADY and LINDA L. BRADY, Individually and as Trustees or Successor Trustees of the ROBERT W. BRADY LIVING TRUST UTA dated August 27, 1990,<br><br>            Plaintiffs,<br><br>   vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Liberty Bank in Disposition,<br><br>            Defendant. | Case No. 10-6417-HO<br><br>ORDER |

In 2008, plaintiffs applied for a loan from Liberty Bank for $1,150,000 to purchase commercial property in Redmond, Oregon. After the purchase, Jeld-Wen, a former tenant of the property sought $57,420 related to a failure to pay a tenant improvement

ORDER - page 1

credit for improvements made before plaintiffs purchased the property. Plaintiffs brought Liberty Bank into the Jeld-Wen action asserting Liberty failed to obtain tenant estoppel certificates and made misrepresentations related to the value of the property.

In July of 2010, the Oregon Department of Financial Institutions closed Liberty Bank and defendant Federal Deposit Insurance Corporation (FDIC) was appointed as receiver. Plaintiff filed a proof of claim with the FDIC asserting claims based on a failure to disclose a review of the appraisal that estimated the value of the property at $1,800,000 and the failure to obtain estoppel certificates from Jeld-Wen.

During the proof of claim process, plaintiffs submitted the alleged review that demonstrated that the bank knew the value of the property had been called into question. Plaintiffs asserted:

> Fraud is based upon the admission of material facts that the bank should have disclosed .... The most troubling fact is that the commercial loan that Liberty Bank had in place was in jeopardy and that the valuation of the property had been called into question by the bank's own review appraiser. The negligence of the bank is documented by their failure to obtain estoppel certificates from Jeld-Wen prior to the culmination of the lease.

Exhibit 4 (attached to the declaration of Edward P. Fitch (#13)).

The alleged review appraisal, however, related to another property and was conducted prior to the appraisal plaintiff's contend materially overvalued the property. In addition, there is no appraisal in the loan file. Accordingly, the FDIC denied the

ORDER - page 2

claim. The deadline for submitting claims was November 3, 2010, and plaintiffs are now barred from asserting any claims through the proof of claim process.

Plaintiffs filed this action against the FDIC asserting that Liberty Bank negligently and fraudulently represented the value of the property and that Liberty Bank negligently failed to obtain estoppel certificates. Defendant moved for summary judgment and after the motion had been briefed, plaintiff sought to conduct additional discovery. After the additional discovery, plaintiff filed a motion to amend.

Defendant asserts that the court lacks subject matter jurisdiction and that the value and estoppel claims are barred under 12 U.S.C. 1823(e).[1] Defendant's primary argument is that plaintiffs failed to exhaust their administrative remedies.

Plaintiffs concede that their administrative claims and the operative complaint mistakenly referenced an appraisal unrelated to the property at issue. Accordingly, plaintiffs move to amend the complaint to correctly identify the appraisal[2] that calls into

---

[1] Plaintiffs have conceded their negligence claim.

[2] The purported appraisal that questions the June 7, 2007 appraisal of the subject property does not appear to be included in any filings in this court. Plaintiffs do make references to the "Van Tassel Deposition" and the "Meithof Deposition" and to exhibits attached, but the depositions and exhibits do not appear to have been filed. Moreover, when specifically stating
"[a] review appraisal was performed ten months later by
(continued...)

question the appraisal allegedly provided to plaintiffs to fraudulently induce them to take out the loan.[3] Plaintiffs concede that if their administrative claim did not adequately fulfill the exhaustion requirement, that amendment would be futile.

Courts lack subject matter jurisdiction over claims of the sort alleged in this case if the claim is made outside the administrative process. Henderson v. Bank of New England, 986 F.2d 319, 320 (9th Cir. 1993). Because the claim submitted by plaintiffs during the claims process did not present any indication of how the appraisal allegedly used to fraudulently induce plaintiffs provided a falsely inflated value, plaintiffs failed to provide fair notice of the facts and legal theories on which they sought relief. See Brown Leasing Co. v. F.D.I.C, 833 F.Supp. 672, 675 (N.D.Ill. 1993) (FDIC is entitled to fair notice of the facts

---

[2](...continued)
the same appraiser. It noted that the 'extraordinary assumptions' upon which Bratton had relied upon in May, 2007 to justify the original value of $1,800,000 principally 'stable occupancy' - had not materialized,"

plaintiffs do not cite any documents. Plaintiffs' Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment (#30) at p. 5.

[3]It should be noted that upon filing the motion to amend, plaintiffs indicated that the amendment was only to remove the negligent misrepresentation claim and that no new facts were alleged. The proposed amended complaint, however, does allege a different appraisal and contains new allegations of why the appraisal was flawed and Liberty's knowledge of such flaws. The amendment also asserts a new legal theory for the claim regarding the estoppel certificates.

ORDER - page 4

and legal theories on which a claimant seeks relief from the failed institution). While plaintiffs did allege, in the administrative claim, a flawed appraisal, the review appraisal submitted to support the claim had no connection to the subject property. As noted above, the loan file itself contains no appraisal at all. Therefore, viewing the claim as fairly presented would pose an undue hardship on the FDIC to speculate as to the basis for the claim.[4] Put simply, the FDIC was not given the opportunity to respond to the value claim within the administrative process and that claim is now barred.

In addition, because plaintiffs have provided no evidence regarding the alleged questioning of the appraisal allegedly used to fraudulently induce plaintiffs to proceed with the loan, summary judgment is also appropriate as plaintiffs have had ample opportunity to provide the documentation along with additional time to conduct discovery after the motion for summary judgment had been briefed. The motion for summary judgment as to the fraudulent valuation claim (and negligence claim) is granted and the motion to

---

[4]Plaintiffs contend that anyone at the FDIC could simply pick up the loan file and locate the correct review appraisal. However, plaintiffs themselves are aware that there is no appraisal in the loan value. Plaintiffs' Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment (#30) at p. 5 ("There is no appraisal in the Brady Loan file."). Indeed, plaintiff has not supplied the alleged critical review appraisal to this court. Plaintiffs contention that the appraisals exist in a prior loan value regarding a previous prospective purchaser are not sufficient.

ORDER - page 5

amend is denied.

Plaintiffs motion to amend does also seek to move the estoppel claim from one of negligence to one of fraud. However, the proof of claim in the administrative process referred to the valuation as the most troubling aspect and referred to the estoppel claim as one of negligence. See Ex. 4 to Declaration of Edward P. Fitch (#13) ("The negligence of the bank is documented by their failure to obtain an estoppel certificate from Jeld-Wen."). Again, the FDIC did not have an adequate opportunity to respond to the legal theory of fraud. Moreover, there is no writing produced by plaintiffs as part of the loan transaction indicating that Liberty would obtain the certificate as is required to assert a claim with the FDIC. 12 U.S.C. § 1823(e)(1)(A) and (B). Accordingly, the motion to amend the estoppel claim is denied.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend (#28) is denied and defendant's motion for summary judgment (#6) is granted. All other pending motions are denied and this action is dismissed.

DATED this 13th day of August, 2011.

Michael C. Hogan
United States District Judge